**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER O'DELL, INDIVIDUALLY; et al., on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PLAN ADMINISTRATOR, FORD MOTOR COMPANY HEALTH CARE PLAN, et al.,<br><br>        Defendants. | Case No. 3:25-cv-00579-JZ<br><br>Judge:  Jack Zouhary |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Ford Motor Company Healthcare Plan and the Plan Administrator move for Counts I and II of Plaintiff Christopher O'Dell's amended complaint to be dismissed with prejudice for failure to state a claim upon which relief can be granted and for all class claims to be dismissed for lack of standing. Defendants further move to strike Plaintiff's jury demand.  The reasons for this motion are more fully stated in the attached memorandum in support.

Respectfully submitted,

By: /s/ *Jennafer M. Tryck*
Jennafer M. Tryck (Admitted *Pro Hac Vice*)
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive, Suite 1200
Irvine, California  92612-4412
Telephone:  949.451.3800
Email:  JTryck@gibsondunn.com

1

Katherine V.A. Smith (Admitted *Pro Hac Vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  (213) 229-7000
Email:  KSmith@gibsondunn.com

Joseph C. Devine
Maria A. LaFleur
**BAKER & HOSTETLER – COLUMBUS**
200 Civic Center Drive
Columbus, OH 43215
Telephone:  (614) 228-1541
Email:  JDevine@bakerlaw.com
Email:  MLafleur@bakerlaw.com

*Counsel for Defendants Plan Administrator*
*Ford Motor Company Health Care Plan and*
*Ford Motor Company Health Care Plan*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER O'DELL, INDIVIDUALLY; et al., on behalf of themselves and those similarly situated, | Case No. 3:25-cv-00579-JZ |
| Plaintiffs, | Judge:  Jack Zouhary |
| v. | |
| PLAN ADMINISTRATOR, FORD MOTOR COMPANY HEALTH CARE PLAN, et al., | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS FORD MOTOR COMPANY HEALTH CARE PLAN AND THE PLAN ADMINISTRATOR'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

STATEMENT OF ALLEGED FACTS................................................................ 3

LEGAL STANDARD........................................................................................... 5

ARGUMENT ....................................................................................................... 6

    A.    The Court Should Dismiss O'Dell's Claims for Declaratory Judgment and Injunctive Relief (Count I) and Unjust Enrichment (Count II)............................. 6

        1.    O'Dell's Common Law Claims Are Preempted by ERISA...................... 7

        2.    O'Dell's ERISA § 502(a)(3) Claims Fail as a Matter of Law ................. 9

    B.    O'Dell Does Not Have Standing to Pursue Class Claims.................................... 12

    C.    The Court Should Strike O'Dell's Jury Trial Demand ....................................... 13

CONCLUSION.................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aetna Health Inc. v. Davila,*
    542 U.S. 200 (2004)..................................................................................2, 7, 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).........................................................................................5

*Assoc. of Am. Physicians & Surgeons v. U.S. FDA,*
    13 F.4th 531 (6th Cir. 2021) ..........................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).........................................................................................5

*Bencivenga v. Unum Life Ins. Co. of Am.,*
    2015 WL 1439697 (E.D. Mich. Mar. 27, 2015) ............................................9

*Bittinger v. Tecumseh Products Co.,*
    123 F.3d 877 (6th Cir. 1997) ........................................................................14

*In re Caudill,*
    2020 WL 6748203 (6th Cir. Oct. 30, 2020)..........................................3, 4, 14

*Cromwell v. Equicor-Equitable HCA Corp.,*
    944 F.2d 1272 (6th Cir. 1991) .....................................................................2, 7

*Forman v. TriHealth, Inc.,*
    40 F.4th 443 (6th Cir. 2022) ........................................................................13

*Gilchrest v. UNUM Life Ins. Co. of Am.,*
    255 F. App'x 38 (6th Cir. 2007) ...............................................2, 3, 9, 10, 11

*Hall v. Liberty Life Assur. Co. of Bos.,*
    595 F.3d 270 (6th Cir. 2010) .......................................................................11

*Hannibal Dev., LLC v. Lackawanna Transp. Co.,*
    2021 WL 732406 (S.D. Ohio Feb. 25, 2021)...............................................14

*Harrison v. Am. Elec. Power Long Term Disability Plan,*
    2012 WL 13027421 (S.D. Ohio June 12, 2012) ..........................................12

*Kmatz v. Metro. Life Ins. Co.,*
    458 F. Supp. 2d 553 (S.D. Ohio 2005) ....................................................2, 6, 7

*McDonald v. Brookdale Sr. Living, Inc.,*
    2025 WL 1625654 (M.D. Tenn. June 5, 2025)............................................14

*McHugh v. Trinity Health Sys.,*
    2018 WL 4932500 (N.D. Ohio June 25, 2018)..............................................8

*Milby v. MCMC LLC,*
    844 F.3d 605 (6th Cir. 2016) .........................................................................8

# TABLE OF AUTHORITIES
(continued)

Page

*Montanile v. Bd. of Trustees of Nat. Elevator Industry Health Benefit Plan*,
  577 U.S. 136 (2016)..................................................................................................11

*Muhammad v. Ford Motor Co.*,
  2012 WL 95298 (E.D. Mich. Jan. 12, 2012)...................................................3, 12

*Patterson v. United HealthCare Insurance Company*,
  76 F.4th 487 (6th Cir. 2023) ................................................1, 3, 6, 8, 12, 13, 14

*Patterson v. UnitedHealthcare Ins. Co.*,
  762 F. Supp. 3d 643 (N.D. Ohio 2025)...........................................................5, 8

*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) ..............................................................................13

*Sec'y of U.S. Dep't of Lab. v. Kavalec*,
  2020 WL 1694560 (N.D. Ohio Apr. 7, 2020).....................................................14

*Sereboff v. Mid. Atl. Med. Servs, Inc.*,
  547 U.S. 356 (2006)..................................................................2, 3, 9, 10, 11

*Sosinski v. Unum Life Ins. Co. of Am.*,
  15 F. Supp. 3d 723 (E.D. Mich. 2014)...................................................................8

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)...............................................................................................6

*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ..............................................................................13

*Vaught v. Hartford Life & Acc. Ins. Co.*,
  2011 WL 3861698 (S.D. Ohio Sept. 1, 2011) ....................................................14

*Wilkins v. Baptist Healthcare Sys. Inc.*,
  150 F.3d 609 (6th Cir. 1988) ........................................................................3, 13

*Wooden v. Alcoa, Inc.*,
  2012 WL 274764 (N.D. Ohio Jan. 31, 2012), *aff'd*, 511 F. App'x 477 (6th Cir.
  2013) (Zouhary, J.) .........................................................................................3, 12

*Zirbel v. Ford Motor Co.*,
  980 F.3d 520 (6th Cir. 2020) ........................................................................3, 11

## Statutes

29 U.S.C. § 1132(a)(3)..........................................................................................2, 7, 9

## Constitutional Provisions

Seventh Amendment.........................................................................................3, 6, 14

**ISSUES PRESENTED**

1.    To the extent Plaintiff's claims for declaratory judgment and injunctive relief (**Count I** against the Ford Motor Company Healthcare Plan (the "Plan") and the Plan Administrator) and unjust enrichment (**Count II** against the Plan) are styled as common law claims, the issue presented is whether those claims are preempted by ERISA.

2.    To the extent Plaintiff's claims in **Counts I** and **II** are styled as ERISA claims, the issue presented is whether the claims fail as a matter of law because the Plan terms vest Defendants with authority to seek recovery of overpaid benefits from Plaintiff.

3.    Whether, under *Patterson v. United HealthCare Insurance Company*, 76 F.4th 487, 493–94 (6th Cir. 2023), Plaintiff has standing to pursue his claims on behalf of a class despite not pleading any factual allegations identifying other insureds with similar histories of third-party recovery and allegedly improper reimbursement.

4.    Whether Plaintiff is entitled to a jury trial on his claims.

## INTRODUCTION

The plain language of Ford's Plan documents vests the Plan with authority to recoup benefits paid out to Plan participants to cover health care expenses when those participants later recover money in compensation for their injuries from a third party (typically, another health insurer or individual found to be at fault in an accident).  The Plan's language squarely aligns with longstanding Supreme Court and Sixth Circuit authority permitting this recovery.  Nevertheless, Plaintiff Christopher O'Dell, on behalf of himself, the estate of his late wife Bobbie O'Dell (together, "O'Dell"), and a putative class, erroneously claims he is entitled to keep ***both*** the money paid by the Plan to compensate him for his injuries in an accident ***and also*** the money he recovered from a third party to compensate him for the same injuries.  But the law unambiguously does not entitle O'Dell to such a windfall, and the Court should therefore grant this motion and dismiss O'Dell's claims challenging the Plan's right to pursue recovery of overpayments.

Specifically, O'Dell brings class claims for (1) declaratory judgment and injunctive relief (Count I against the Plan, Plan Administrator, and Vengroff Williams, Inc.[1]), (2) unjust enrichment (Count II against the Plan), (3) civil liability for failure to provide plan documents (Count III against the Plan Administrator), (4) unjust enrichment (Count IV against Vengroff), and (5) civil liability for criminal action (Count V against Vengroff).  The Plan and Plan Administrator (together, the "Ford Defendants") now ask the Court to dismiss O'Dell's claims for declaratory judgment and injunctive relief (Count I), and unjust enrichment (Count II), strike O'Dell's class claims, and strike O'Dell's demand for a jury trial.

***First***, O'Dell suggests he brings his claims in Counts I and II under "ERISA and common

---

[1] Vengroff Williams, Inc. provides debt collection subrogation services to the Plan and is represented by separate counsel in this matter.

1

law." *See* FAC ¶ 47.  To the extent his claims are pled as common law claims, they are preempted by the Employee Retirement Income Security Act ("ERISA").  O'Dell seeks to hold Defendants liable for conduct he alleges was contrary to the terms of an ERISA-governed plan.  *See id.* ¶ 21. But "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Kmatz v. Metro. Life Ins. Co.*, 458 F. Supp. 2d 553, 557 (S.D. Ohio 2005) (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)).  Here too, O'Dell's claims are completely preempted by ERISA.  Plaintiff concedes that he could bring his claims as ERISA claims.  *See* FAC ¶ 13 ("Plaintiff brings this action under U.S.C. § 1132(A)(3)").  And there is no independent legal duty implicated by O'Dell's claims; he seeks to enjoin the Ford Defendants' enforcement of Plan terms, and to obtain other equitable relief available to him (if at all) under ERISA.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); 29 U.S.C. § 1132(a)(3).

***Second***, even if O'Dell's claims are characterized as ERISA claims, they fail as a matter of law because the undisputed language in the Plan documents vest Defendants with authority to recover overpayments.  To pursue this recovery, plans must "specifically identify a particular fund—distinct from the [participant's] general assets—and a particular share of that fund to which the plan was entitled." *Gilchrest v. UNUM Life Ins. Co. of Am.*, 255 F. App'x 38, 45 (6th Cir. 2007) (citing *Sereboff v. Mid. Atl. Med. Servs, Inc.*, 547 U.S. 356, 359 (2006)).  The "particular fund" can be identified as "the overpayments themselves" and the "particular share" can be identified as "all overpayments due to receipt of . . . benefits" from a third party.  *Id.* at 45–46. Ford's Plan language readily satisfies this standard, explaining that, "[i]f benefits are paid under the Plan for an injury or condition caused by the actions of another person, the Plan may be entitled to recover payment from another insurance company, third party, or you if payment has been made to you by another insurance company or third party." *See* FAC Ex. 1 at 108, Ex. 2 at 156, Ex. 3 at

383, Ex. 4 at 166.  The Supreme Court, Sixth Circuit, and this Court have all deemed materially similar language to permit recoupment by plan sponsors and administrators.  *See, e.g.*, *Sereboff*, 547 U.S. at 359; *Zirbel v. Ford Motor Co.*, 980 F.3d 520, 523 (6th Cir. 2020); *Gilchrest*, 255 F. App'x at 45; *Wooden v. Alcoa, Inc.*, 2012 WL 274764, at *8 (N.D. Ohio Jan. 31, 2012), *aff'd*, 511 F. App'x 477 (6th Cir. 2013) (Zouhary, J.).  Indeed, the U.S. District Court for the Eastern District of Michigan has even evaluated the Plan's specific overpayment language and found it enforceable.  *See Muhammad v. Ford Motor Co.*, 2012 WL 95298, *3, *9 (E.D. Mich. Jan. 12, 2012).  There are no grounds to depart from these well-reasoned rulings in this case.

*Third*, the Court should strike O'Dell's class allegations.  The Sixth Circuit already held in *Patterson v. UnitedHealthcare Insurance Co.*, 76 F.4th 487, 494 (6th Cir. 2023), that a plaintiff does not have standing to pursue class claims where he fails to "point to any other insured with a similar history of third-party recovery and allegedly improper reimbursement."  Despite already amending his pleading, O'Dell's barebones complaint "has not stated any facts at all, let alone 'enough facts,' to show a plausible injury to other policyholders" sufficient to satisfy standing.  *Id.* (citation omitted); *see also* FAC ¶¶ 8, 11–12.

*Fourth*, the Court should strike O'Dell's jury demand.  It is well settled that ERISA claims are equitable and therefore not eligible for a jury trial.  *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 616 (6th Cir. 1988).  And even if the Court were to allow O'Dell to proceed on his state law claims, O'Dell only seeks equitable remedies, which also do not entitle him to a jury under the Seventh Amendment.  *In re Caudill*, 2020 WL 6748203, at *1 (6th Cir. Oct. 30, 2020).

## STATEMENT OF ALLEGED FACTS

On August 3, 2021, O'Dell was involved in a car accident.  FAC ¶ 6.  It is undisputed that the Plan paid O'Dell's medical costs incurred because of this accident.  *Id*.  O'Dell does not allege

that he was under reimbursed by the Plan.  Separately, O'Dell received a recovery from a third party for the same medical costs that the Plan had already paid him for.  *Id.*  Later, O'Dell's wife, Bobbie O'Dell, passed away on May 13, 2023.  *Id.*  The Plan once again paid O'Dell for medical costs he incurred as a result of his late-wife's death.  *Id.*  Here, too, there is no dispute that Bobbie's medical costs were covered by the Plan.  And, once again, O'Dell received recovery from a third party for these same medical costs that the Plan had already paid him for.  *Id.*

When the Plan discovered that a third party had paid O'Dell for the same medical expenses already paid by the Plan, the Plan invoked its authority to seek reimbursement—through its subrogation service provider Vengroff Williams, Inc.—of the benefits it had paid O'Dell for the same medical expenses.  *Id.*  O'Dell alleges that he paid Vengroff $5,000 "under duress," upon which "Vengroff . . . remitted all or a portion of that money to the Plan."  *Id.* ¶ 7.  O'Dell alleges he has received similar requests for reimbursement for his late-wife's medical bills, but he has not paid the Plan back for these costs.  *Id.* ¶ 8.

At the time of his car accident, O'Dell, as a Plan participant, alleges he was covered by Ford Plan documents.  *Id.* ¶ 3 fn. 1, Exs. 1, 2, 3.  O'Dell alleges that Bobbie, at the time she incurred her medical expenses, was also covered by Ford Plan documents.  *Id.*, Exs. 1, 2, 4.  O'Dell concedes that the Ford Plan documents at issue in this case are "subject to" ERISA, FAC ¶ 21, and also that "[t]he relevant subrogation language does not appear to materially vary among" the documents that he alleges to be the Plan documents, *id.* 2 n.1.

The 2019 Plan states in relevant part:

> **Benefit Overpayment Recovery**.  Effective September 16, 1996, if it is determined that an act or omission of an employee, retiree or enrollee results in or contributes to an overpayment under this Program, written notice shall be given to the primary enrollee and such primary enrollee shall repay the amount of overpayment.

*Id.*, Ex. 2 at 501.

4

The 2007 Handbook[2], 2017 SPD, and 2019 SPD further state in relevant part:

> **Right of Recovery/Subrogation**.  If benefits are paid under the Plan for an injury
> or condition caused by the actions of another person, the Plan may be entitled to
> recover payment from another insurance company, third party, or you if payment
> has been made to you by another insurance company or third party.  This right of
> recovery is called Subrogation.

*Id.*, Ex. 1 at 108; Ex. 3 at 156; Ex. 4 at 166.

Despite this language, O'Dell alleges the Plan had no right to seek reimbursement of overpaid funds, and brings class claims for (1) declaratory judgment and injunctive relief (against all Defendants), (2) unjust enrichment (against the Plan), (3) civil liability for failure to provide plan documents (against the Plan Administrator), (4) unjust enrichment (against Vengroff), and (5) civil liability for criminal action (against Vengroff).  FAC ¶¶ 46–96.  O'Dell also purports to have standing to bring class claims based on vague allegations of "[d]iscussions with" unidentified "colleagues" who are not plaintiffs in this case.  *Id.* ¶ 8.  He also demands a jury trial.  *Id.* at 19.

## LEGAL STANDARD

At the motion to dismiss stage, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Patterson v. UnitedHealthcare Ins. Co.*, 762 F. Supp. 3d 643, 655 (N.D. Ohio 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)).  A plaintiff must plead each element of his claim with sufficient detail "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] O'Dell's complaint relies upon a 2007 Handbook despite Ford producing the plan documents and SPDs operative at the time of his accident and Bobbie's death—*i.e.*, the 2019 Plan, the 2017 SPD, and the 2021 SPD, which are all attached to the Amended Complaint.  Because the relevant language in the 2007 Handbook is the same as the 2017 and 2019 SPDs, Defendants will not challenge Plaintiff's reliance on the 2007 Handbook for purposes of this Rule 12(b)(6) motion. Defendants reserve all rights to challenge O'Dell's reliance on the 2007 Handbook at a later date if it becomes necessary.

Article III standing is a threshold requirement to state a cause of action in federal court and may be raised in a motion to dismiss. *Assoc. of Am. Physicians & Surgeons v. U.S. FDA*, 13 F.4th 531, 543 (6th Cir. 2021). The "Supreme Court has held that standing's elements 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof,' which indicates that the same rules apply at this pleading stage" and a complaint must "clearly … allege facts demonstrating standing." *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

## ARGUMENT

The Court should dismiss O'Dell's claims in Counts I and II for failure to state a claim. To the extent these claims are brought as common law claims, they are preempted by ERISA. *Kmatz*, 458 F. Supp. 2d at 558. And even if styled as ERISA claims, they fail to state a claim because the relevant ERISA plan documents, attached to O'Dell's complaint, satisfy all requirements set forth by the Supreme Court and Sixth Circuit for Defendants to recoup overpaid funds. The Court should also strike O'Dell's class allegations for lack of standing because he failed to point to "any other insured with a similar history of third-party recovery and allegedly improper reimbursement." *Patterson*, 76 F.4th at 493. And, finally, the Court should strike O'Dell's demand for a jury trial. The Sixth Circuit has consistently held that ERISA claims are not eligible for a jury trial, and even if cast as common law claims, O'Dell's claims are equitable and thus not entitled to a jury trial under the Seventh Amendment.[3]

### A. The Court Should Dismiss O'Dell's Claims for Declaratory Judgment and Injunctive Relief (Count I) and Unjust Enrichment (Count II)

O'Dell styles his claims in Counts I and II as both common law and ERISA claims. *See*

---

[3] In this motion, the Plan Administrator does not seek to dismiss O'Dell's penalties claim (Count III) and reserves all arguments for why the Court should enter judgment in the Plan Administrator's favor on that claim.

FAC ¶ 47. The Court should dismiss them. *First*, Plaintiff's common law claims are preempted by ERISA. *Second*, Plaintiff's claims fail as a matter of law under ERISA.

### 1. O'Dell's Common Law Claims Are Preempted by ERISA

Although apparently pled as common law claims, in Counts I and II, O'Dell pursues declaratory and injunctive relief, among other equitable remedies, to hold Defendants liable for conduct he alleges was contrary to the terms of an ERISA-governed plan. *See* FAC ¶¶ 17, 21. But "[t]he Supreme Court has recognized that, 'virtually all state law claims relating to an employee benefit plan,'" like those O'Dell alleges here, "are preempted by ERISA." *Kmatz*, 458 F.Supp.2d at 557 (quoting *Cromwell*, 944 F.2d at 1276). Indeed, "the ERISA civil enforcement mechanism" in Section 502(a) has "extraordinary pre-emptive power," and "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209 (citation omitted). Under the test set forth in *Davila*, a state law claim is preempted by ERISA if (1) the plaintiff "at some point in time, could have brought [the] claim under ERISA" and (2) there is no "independent legal duty that is implicated by [the] defendant's actions." *Id*. at 210. Both factors are readily satisfied here.

*First*, O'Dell "could have brought" his claims in Counts I and II under ERISA. In fact, he alleges as much in his complaint. *See* FAC ¶¶ 13, 47 ("Plaintiff brings this action under 29 U.S.C. § 1132(a)(3)"). ERISA Section 502(a)(3) permits plan participants to bring claims "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Here, O'Dell seeks to enjoin conduct that he contends violates ERISA or the Plan, and/or to obtain equitable relief to "redress such violations." Specifically, his complaint asks the Court to "enjoin Defendants" from enforcing the

Plan's subrogation terms and to order Defendants to "disgorge[]" overpaid amounts that they have recouped pursuant to those terms. *See* FAC ¶¶ 11, 13, 52.

O'Dell's claims are precisely the types of claims that courts routinely find preempted by ERISA. Indeed, in *Patterson*—a case challenging a plan's subrogation activities—the Sixth Circuit ruled that the plaintiff had "standing to sue [under ERISA] for return of his $25,000 settlement payment." *Patterson*, 76 F.4th at 493; *see also Patterson*, 762 F. Supp. 3d at 662 ("the Sixth Circuit already determined that Plaintiff has standing to assert certain claims under ERISA"); *Sosinski v. Unum Life Ins. Co. of Am.*, 15 F. Supp. 3d 723, 732 (E.D. Mich. 2014) (same). Notably, the plaintiff in *Patterson* argued that the defendants "represented that the plan gave them subrogation and reimbursement rights, even though they knew or should have known that the plan did not, and that they induced payments through that misrepresentation." *Patterson*, 762 F. Supp. 3d at 644. The district court found these "facts [were] materially indistinguishable from the ones supporting [the plaintiff's] ERISA claims" and "[c]ertainly, [the plaintiffs] could have brought this claim under Section 502(a)." *Id*. So too here. *See* FAC ¶¶ 9–10. The first *Davila* factor is therefore satisfied.

**Second**, O'Dell's state law claims do not implicate an "independent legal duty." *Davila*, 542 U.S. at 210. "A state-law tort is independent of ERISA when the duty conferred was not derived from or conditioned upon, the terms of the plan and there is no need[] to interpret the plan to determine whether that duty exists." *Milby v. MCMC LLC*, 844 F.3d 605, 611 (6th Cir. 2016) (internal quotations omitted); *see also McHugh v. Trinity Health Sys.*, 2018 WL 4932500, at *9 (N.D. Ohio June 25, 2018) *report and recommendation adopted*, 2018 WL 4501054 (Sept. 20, 2018) (state law claims preempted where court was required to look to plan's "essential health benefits" provision to determine "medically necessary" procedures). Whether O'Dell succeeds on

his claims depends entirely on the Court's interpretation of language in ERISA plan documents. Notably, the Court will need to interpret the Plan documents to determine whether Defendants' subrogation activities were permissible under the Plan's terms.  *See* FAC ¶ 5 (claiming the "Contract" language fails to satisfy "clear" law); *see also id.* ¶ 6 (claiming Plan documents "lack any of these [legally] required identifications").

O'Dell's claims in Counts I and II satisfy the test set forth in *Davila*.  Thus, to the extent he asserts these claims as common law claims, they are preempted by ERISA, and the Court should dismiss them.

### 2.  O'Dell's ERISA § 502(a)(3) Claims Fail as a Matter of Law

To the extent O'Dell brings his claims in Counts I and II under ERISA, they fail as a matter of law because the Plan's terms unambiguously gave Defendants the right to recover overpayments to O'Dell.  "It is well-established in this Circuit that plan fiduciaries may recover overpaid benefits when the terms of an ERISA plan so permit."  *Bencivenga v. Unum Life Ins. Co. of Am.*, 2015 WL 1439697, at *17 (E.D. Mich. Mar. 27, 2015) (citing *Gilchrest,* 255 F. App'x at 46).  As the Sixth Circuit has explained, for an ERISA plan fiduciary to recover overpayments, the plan terms must "specifically identify a particular fund—distinct from the [participant's] general assets—and a particular share of that fund to which the plan was entitled."  *Id.* at 45 (citing *Sereboff*, 547 U.S. at 364); *see also* FAC ¶ 5.  To "identify a particular fund" the plan must simply identify "the overpayments themselves," and to identify a "particular share of that fund to which the plan [wa]s entitled" the plan need only identify "all overpayments due to the receipt of . . . benefits, but not to exceed the amount of benefits paid" by the plan.  *Id*. at 45–46.  In other words, a plan is not required to specifically identify a participant's bank account or the exact amount of money it will recover from the participant.  This would be impossible in any event because plan documents are drafted to apply prospectively and accidents are, by their nature, unknowable until they've

occurred—and, even then, a participant's third-party recovery is unknown until a settlement or judgment is achieved.  Thus, to affect a right to recover overpayments, a plan's terms need only state that the plan can recoup overpayments collected by participants from third parties in an amount equal to the benefits paid by the plan for the participant's injuries.  *Sereboff*, 547 U.S. at 364; *Gilchrest*, 255 F. App'x at 45–46.

The Plan documents at issue here readily satisfy this standard.  The Plan provision concerning "**Benefit Overpayment Recovery**" states that "if it is determined that an act or omission of an employee, retiree or enrollee results in or contributes to ***an overpayment*** under this Program, written notice shall be given to the primary enrollee and such primary enrollee shall ***repay the amount of overpayment***."  FAC, Ex. 2 at 501 (emphasis added).  Likewise, the "***Right of Recovery/Subrogation***" provisions in the 2007 Handbook, 2017 SPD, and 2021 SPD state: "If benefits are paid under the Plan for an injury or condition caused by the actions of another person, the Plan may be entitled to recover payment from another insurance company, third party, or you if payment has been made to you by another insurance company or third party."  *Id.*, Ex. 1 at 108; Ex. 3 at 156; Ex. 4 at 166.  Thus, the Plan identifies a specific fund distinct from O'Dell's general assets—*i.e.*, the "overpayment"—as well as the particular share of the fund to which the plan is entitled—*i.e.*, "the amount of overpayment" by the Plan.

The Supreme Court and Sixth Circuit have found language materially similar to the terms in O'Dell's Plan to permit recovery of overpayments.  For instance, in *Sereboff*, the Supreme Court found an "Acts of Third Parties" provision to authorize the plan fiduciary to pursue recovery of overpayments.  547 U.S. at 359.  That provision "applie[d] when [a participant was] sick or injured as a result of the act or omission of another person or party," and required the participant who "receives benefits" under the plan for such injuries to "reimburse [the plan]" for those benefits

10

from "[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise)." *Id.* As the Sixth Circuit explained when analyzing these provisions, "the [*Sereboff*] plan specifically identified a particular fund distinct from the [participant's] general assets—'[a]ll recoveries from a third party (whether by lawsuit, settlement or otherwise)'—and a particular share of that fund to which [the plan] was entitled—'that portion of the total recovery which is due [to the plan] for benefits paid.'" *Gilchrest*, 255 F. App'x. at 45.

Likewise, in *Gilchrest*, the Sixth Circuit found the following language to permit recovery of overpaid benefits: "Unum has the right to recover any overpayments due to: —fraud; —any error Unum makes in processing a claim; and —your receipt of deductible sources of income. You must reimburse us in full. We will determine the method by which the repayment is to be made. Unum will not recover more money than the amount we paid you." 255 Fed. Appx. at 45. The court explained that "the [p]lan's overpayment provision asserts a right to recover from a specific fund distinct from Gilchrest's general assets—the fund being the overpayments themselves—and a particular share of that fund to which the plan was entitled—all overpayments due to the receipt of Social Security benefits, but not to exceed the amount of benefits paid." *Id.* at 46; *see also Hall v. Liberty Life Assur. Co. of Bos.*, 595 F.3d 270, 275 (6th Cir. 2010).

Numerous other courts have likewise found language akin to that in O'Dell's Plan to satisfy the requirements for recovery of overpayments. *See, e.g.*, *Montanile v. Bd. of Trustees of Nat. Elevator Industry Health Benefit Plan*, 577 U.S. 136, 139 (2016) ("[A]ny amounts" that a participant "recover[s] from another party by award, judgment, settlement or otherwise ... will promptly be applied first to reimburse the Plan in full for benefits advanced by the Plan...."); *Zirbel*, 980 F.3d at 523 ("In the event of an error that results in an overpayment of benefits to a Member," "the amount of the overpayment shall be returned to the Retirement Fund, without limitation,...");

11

*Wooden*, 2012 WL 274764, at *8 (Zouhary, J.) ("Under the Plan, an overpayment results when Plaintiff receives both long-term disability benefits from the Plan, and 'benefits from any other source,' including retroactive payments from the Social Security Administration."); *Harrison v. Am. Elec. Power Long Term Disability Plan*, 2012 WL 13027421, at *13 (S.D. Ohio June 12, 2012) ("The Plan documents state 'you are responsible for reimbursing the plan for the full amount of any overpayment of benefits that occurs as a result of your receipt of other income.'").

Notably, the Eastern District of Michigan even evaluated the Ford Plan's specific overpayment language and concluded that the Plan could legally enforce the provision and seek recovery of overpaid health benefits from a plan participant.  *See Muhammad*, 2012 WL 952938, at *3, *9 (finding plaintiff responsible for repaying benefit overpayments and entering judgment in Ford's favor).  There are no grounds for this Court to depart from that sound ruling.

Against this backdrop, Plaintiff's argument that the Plan does not vest Defendants with authority to pursue recovery of overpaid benefits should be rejected and the Court should dismiss O'Dell's claims in Counts I and II, with prejudice.

## B.  O'Dell Does Not Have Standing to Pursue Class Claims

The Court should strike O'Dell's class claims because he has not demonstrated standing to pursue them.  Extrapolating solely from his own experiences, and based on vague and factually unsupported statements, O'Dell purports to bring claims on behalf of other individuals who "paid monies to Defendants upon Defendants' unlawful demand for reimbursement under the Contract." FAC ¶ 28.  But Sixth Circuit precedent dictates that such cursory allegations do not support standing for O'Dell to bring claims on behalf of a putative class.  *See Patterson*, 76 F.4th at 492.

In *Patterson*, plaintiff challenged his plan's right to pursue recovery of overpaid benefits and also sought to represent a class of similarly situated plan members.  *See id.* at 492–93.  The court dismissed plaintiff's class claims finding plaintiff had standing to sue to recover his own

repayment to his plan, but "not for the injuries purportedly inflicted upon other insureds or for other forms of relief." *Id.* at 492. The Sixth Circuit affirmed, holding that the district court "correctly found that Patterson ha[d] standing to sue for return of his $25,000 settlement payment. But his personal interest in th[e] suit end[ed] with that sum." *Id.* at 493. Plaintiff had "not alleged a plausible future injury entitling him to prospective injunctive relief." *Id.* Further, plaintiff had failed to demonstrate "the ostensible losses suffered by [his] fellow plan beneficiaries." *Id.* Plaintiff "[e]xtrapolat[ed] from only his experiences … [to] assert[] that 'numerous' other enrollees fell victim to a large-scale 'scheme,' losing 'what is likely to be millions of dollars' in unnecessary reimbursements." *Id.* at 493–94. The Sixth Circuit concluded that plaintiff "ha[d] not stated any facts at all, let alone 'enough facts,' to show a plausible injury to other policyholders." *Id.* at 494 (citing *Forman v. TriHealth, Inc.*, 40 F.4th 443, 448 (6th Cir. 2022)).

So too here. Despite amending his complaint, O'Dell offers only vague and factually unsupported allegations that "[d]iscussions with colleagues demonstrate that Defendants have demanded reimbursement from third-party payments from other putative class members." FAC ¶ 8. And that "hundreds if not thousands more members of the Plan have paid certain traceable funds" to the Plan. *Id.* ¶ 11. As in *Patterson*, O'Dell has failed to plead facts sufficient to plausibly show losses suffered by his fellow plan participants. Accordingly, the Court should strike O'Dell's class claims and, to the extent the Court allows any claims to proceed, find O'Dell only has standing to sue for individual relief. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (finding courts may grant a motion to strike class allegations before a plaintiff has moved to certify a class).

## C.      The Court Should Strike O'Dell's Jury Trial Demand

It is well settled that ERISA claims are not eligible for a jury trial. *See Wilkins*, 150 F.3d at 616 (no right to a jury for denial of benefits claim); *Sprague v. General Motors Corp.*, 133 F.3d

388, 406 (6th Cir. 1998) (no right to jury trial on ERISA claims, including claims for breach of fiduciary duty); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 882–83 (6th Cir. 1997) (no right to jury trial in action to recover plan benefits or to enforce or clarify rights under plan); *see also Sec'y of U.S. Dep't of Lab. v. Kavalec*, 2020 WL 1694560, at *2 (N.D. Ohio Apr. 7, 2020) ("ERISA itself does not make any [statutory] provision for a jury trial."). Because all of Plaintiff's claims against the Ford Defendants are preempted by ERISA, none of his claims are eligible for a jury trial. *Vaught v. Hartford Life & Acc. Ins. Co.*, 2011 WL 3861698, at *6 (S.D. Ohio Sept. 1, 2011) ("Plaintiff's state law claims are pre-empted [by ERISA] . . . and thus, [Plaintiff] would also not be entitled to a jury trial or damages on those claims.").

The Seventh Amendment also does not afford O'Dell a right to a jury trial on his ERISA claims. "The Seventh Amendment only preserves the right to a jury trial on legal claims as opposed to equitable claims," and O'Dell brings only equitable claims here. *Hannibal Dev., LLC v. Lackawanna Transp. Co.*, 2021 WL 732406, at *1 (S.D. Ohio Feb. 25, 2021); *see also McDonald v. Brookdale Sr. Living, Inc.*, 2025 WL 1625654, at *2 (M.D. Tenn. June 5, 2025) (collecting cases); *Kavalec*, 2020 WL 1694560, at *2.

Even if the Court were to find O'Dell's claims are not preempted by ERISA, he is still not entitled to a jury trial for his common law claims because each of his claims is equitable in nature. *See In re Caudill*, 2020 WL 6748203, at *1 ("Caudill's complaint plainly seeks equitable remedies, namely declaratory judgment and injunctive relief. There is no Seventh Amendment right to a jury trial on equitable claims."). Similarly, "Ohio law is clear that unjust enrichment is an equitable remedy. . . . Accordingly, [there is] no right to a jury trial" here. *Hannibal*, 2021 WL 732406, at *1; *see also Patterson*, 76 F.4th at 497 ("Disgorgement is an equitable remedy. . . ."). The Court should strike O'Dell's jury demand.

14

**CONCLUSION**

For the reasons stated above, the Court should dismiss O'Dell's first and second causes of action for (1) declaratory judgment and injunctive relief (against the Plan and Plan Administrator), and (2) unjust enrichment (against the Plan).  The Court should also strike O'Dell's class allegations for lack of standing.  And finally, the Court should strike O'Dell's jury demand as his claims for equitable relief do not entitle him to a jury trial.

Respectfully submitted,

By: /s/ *Jennafer M. Tryck*
　　Jennafer M. Tryck (Admitted *Pro Hac Vice*)
　　**GIBSON, DUNN & CRUTCHER LLP**
　　3161 Michelson Drive, Suite 1200
　　Irvine, California  92612-4412
　　Telephone:  949.451.3800
　　Email:  JTryck@gibsondunn.com

　　Katherine V.A. Smith (Admitted *Pro Hac Vice*)
　　**GIBSON, DUNN & CRUTCHER LLP**
　　333 South Grand Avenue
　　Los Angeles, CA 90071-3197
　　Telephone:  (213) 229-7000
　　Email:  KSmith@gibsondunn.com

　　Joseph C. Devine
　　Maria A. LaFleur
　　**BAKER & HOSTETLER – COLUMBUS**
　　200 Civic Center Drive
　　Columbus, OH 43215
　　Telephone:  (614) 228-1541
　　Email:  JDevine@bakerlaw.com
　　Email:  MLafleur@bakerlaw.com

　　*Counsel for Defendants Plan Administrator*
　　*Ford Motor Company Health Care Plan and*
　　*Ford Motor Company Health Care Plan*

15

## CERTIFICATE OF SERVICE

A copy of Defendants Ford Motor Company Healthcare Plan and the Plan Administrator's Motion to Dismiss O'Dell's class action complaint was filed electronically this 29th day of September 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jennafer M. Tryck
Jennafer M. Tryck

*Attorneys for Defendants Plan Administrator Ford Motor Company Health Care Plan and Ford Motor Company Health Care Plan*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

This case has not been assigned to a track.  The page limit for this Memorandum was expanded by the Court to 16 pages.  *See* Dkt. 20.   This Memorandum does not exceed this limit.

/s/ Jennafer M. Tryck
Jennafer M. Tryck

*Attorneys for Defendants Plan Administrator Ford Motor Company Health Care Plan and Ford Motor Company Health Care Plan*

16