IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER O'DELL, INDIVIDUALLY; et al., on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAN ADMINISTRATOR, FORD MOTOR COMPANY HEALTH CARE PLAN, et al.,<br><br>Defendants. | Case No. 3:25-cv-00579-JZ<br><br>Judge: Jack Zouhary |

**MOTION BY VENGROFF WILLIAMS, INC. TO DISMISS
COUNTS I, IV AND V OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Vengroff Williams, Inc. moves for the dismissal of Counts I, IV and V of Plaintiff Christopher O'Dell's amended complaint with prejudice for failure to state a claim upon which relief can be granted and for all class claims to be dismissed for lack of standing and other good cause. This Defendant further moves to strike Plaintiff's jury demand. The reasons for this motion are more fully stated in the attached memorandum in support.

                                                     Respectfully submitted,

                              By:      /s/ David Belofsky
                                    David A. Belofsky (Admitted *Pro Hac Vice*)
                                    David A. Belofsky & Associates, Ltd.
                                    150 North Michigan Avenue
                                    Suite 1230
                                    Chicago, Illinois 60601
                                    Telephone: (312) 759-3737
                                    Email: david@belofsky.com

Mark P. Seitzinger
Rohrbacher, Trimble & Zimmerman Co. L.P.A.
405 Madison Avenue
8th Floor
PNC Bank Building
Toledo, Ohio 43604-1243
Telephone: (419) 248-2600
Email: mseitzinger@rtz-law.com

*Counsel for Defendant Vengroff Williams, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER O'DELL, INDIVIDUALLY; et al., on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAN ADMINISTRATOR, FORD MOTOR COMPANY HEALTH CARE PLAN, et al.,<br><br>Defendants. | Case No. 3:25-cv-00579-JZ<br><br>Judge: Jack Zouhary |

**MEMORANDUM IN SUPPORT OF MOTION BY VENGROFF WILLIAMS, INC.
TO DISMISS COUNTS I, IV AND V OF PLAINTIFF'S AMENDED COMPLAINT**

2

# TABLE OF CONTENTS

                                                               **Page**

INTRODUCTION ............................................................................................................... 2

STATEMENT OF FACTS ................................................................................................ 3

LEGAL STANDARD ........................................................................................................ 4

ARGUMENT ..................................................................................................................... 4

      A.     The Court Should Dismiss Count V Asserting Civil Liability Against
              Vengroff for Purported Criminal Action ................................................................ 4

CONCLUSION................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases** — **Page**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004) ............................................................................................. 5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 5

*Carrier Corp. v. Outokumpu Oyj*,
   673 F.3d 430 (6th Cir. 2012) ................................................................................... 3

*Egelhoff v. Egelhoff*,
   532 U.S. 141 (2001) ................................................................................................ 7

*Gobeille v. Liberty Mut. Ins. Co.*,
   577 U.S. 312 (2016) ............................................................................................. 6, 7

*Health Cost Controls v. Isbell*,
   139 F.3d 1070 (6th Cir. 1997) ................................................................................. 3

*Mengel Co. v. Nashville Paper Prod. & Specialty Workers Union*, No. 513,
   221 F.2d 644 (6th Cir. 1955) ................................................................................... 3

*N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*,
   163 F.3d 449 (7th Cir. 1998) ................................................................................... 3

*Patterson v. United HealthCare Insurance Company*,
   76 F.4th 487 (6th Cir. 2023) .................................................................................... 1

*United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*,
   874 F.3d 905 (6th Cir. 2017) ................................................................................... 5

**Statutes**

29 U.S.C. § 1132(a)(3) .................................................................................................. 6

29 U.S.C. § 1144(a) ...................................................................................................... 6

**Rules**

Fed. R. Civ. P. 9(b) ....................................................................................................... 5

## ISSUES PRESENTED

1. Whether Plaintiff has failed to state a claim under ERISA against Vengroff Williams, Inc. ("Vengroff") in Counts I and IV.

2. Whether any state law claims asserted against Vengroff in Counts I, IV and V are preempted by ERISA and thereby subject to dismissal.

3. Whether Plaintiff's claims in Count V conform to applicable pleading requirements, including Fed. R. Civ. P. 9(b).

4. Whether, under *Patterson v. United HealthCare Insurance Company*, 76 F.4th 487, 493–94 (6th Cir. 2023), Plaintiff has standing to pursue his claims on behalf of a class despite not pleading any factual allegations identifying other insureds with similar histories of third-party recovery and allegedly improper reimbursement.

5. Whether Plaintiff is entitled to a jury trial on his claims.

## INTRODUCTION

Vengroff adopts and incorporates herein by reference the Introduction contained in the Memorandum submitted by Defendants, Ford Motor Company Health Care Plan (the "Plan") and the Plan Administrator of the Ford Motor Company Health Care Plan (the Plan Administrator"), in support of their motion to dismiss Plaintiff's first amended complaint (hereinafter referred to as the "Ford Memorandum"), and provides the following additional introductory remarks.

While not expressly alleged by Plaintiff, Vengroff is the disclosed agent of the Administrator hired to administer the Plan's rights to subrogation and reimbursement which Vengroff typically asserts against third party recoveries made by plan participants such as Plaintiff Chris O'Dell. *See* Am. Compl. Ex. 5 at 2 (explanatory letter from Ford introducing Vengroff to Plan participants). Vengroff sends correspondence such as its letter to Plaintiff dated February 6, 2023 to assist it in identifying potential third party recoveries from which appropriate benefit reimbursement can be obtained, consistent with Plan authorization and requirement. *Id*. at 1. Letter inquiries can include a form on which participants are requested to report an accident with a third party (a "Health Benefit Plan Incident Report"). *Id.* at 3. The Vengroff letter to Plaintiff of February 6, 2023 was not as Plaintiff contends a threat to withhold benefits but was instead another in a series of requests to Plaintiff to complete a Health Benefit Plan Incident Report to assist Vengroff in its identification of a fund from which subrogation or reimbursement could be obtained, if and as appropriate. Am. Compl. ¶ 10 & n.3 at 4, Ex. 5 at 1.

The 2017 SPD that was operative at the time of Plaintiff's August 3, 2021 accident stated in pertinent part:

> ***Right of Recovery/Subrogation***.
>
> If benefits are paid under the Plan for an injury or condition caused by the actions of another person, the Plan may be entitled to recover payment from another

2

> insurance company, third party, or you if payment has been made to you by another insurance company or third party. This right of recovery is called Subrogation.
>
> The Company has hired a subrogation administrator, Vengroff Williams & Associates, for the BCBS National PPO Plan and Blue Preferred Plus PPO Plan. The Subrogation Administrator will review certain claims when there is an indication that an injury or condition may have been the result of an accident.
>
> If you are contacted by the subrogation administrator on behalf of the Company, you are required to complete any incident reports sent to you and provide copies of any documents requested.
>
> In the event you fail to repay the Plan for payment made to you by another insurance company or third party, the Plan may offset future benefit payments by withholding payment until the entire amount due is reimbursed.

Am. Compl. Ex. 3 at 156. The reimbursement requirement set forth in the 2017 SPD is not materially different from the reimbursement obligation that the Sixth Circuit in *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997), found could not be ignored or equitably modified.

Generally, "[i]f inconsistent with the allegations of the complaint, the exhibit controls." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012), quoting *Mengel Co. v. Nashville Paper Prod. & Specialty Workers Union*, No. 513, 221 F.2d 644, 647 (6th Cir. 1955). This is particularly so if related to a document having the effect of a contract, "because the contract represents an agreement between two or more parties to which the law binds them. . . ." *Id.* at 442, quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998).

Plaintiff's hyperbolic assertions of unauthorized conduct by Vengroff are inconsistent with the documents upon which he relies. *See, e.g.*, Am. Compl. ¶¶ 6, 9-10 & n.3. Contrary to Plaintiff's contentions, the exhibits attached to his complaint show that Vengroff appropriately sought reimbursement of Plan benefits from the recovery Plaintiff obtained from the third party responsible for his August 3, 2021 accident. The exhibits require dismissal of Plaintiff's claims.

3

**STATEMENT OF FACTS**

Vengroff adopts and incorporates herein by reference the Statement of Alleged Facts contained in the Ford Memorandum.

**LEGAL STANDARD**

Vengroff concurs with, adopts and incorporates herein by reference the Legal Standard discussion contained in the Ford Memorandum.

**ARGUMENT**

Vengroff joins in and adopts each and all of the arguments contained in the Ford Memorandum and respectfully requests that the discussion concerning Count II (asserting a claim of unjust enrichment against the Plan) be applied to Count IV (asserting a similar claim of unjust enrichment against Vengroff). Vengroff respectfully requests that all of the putative class claims and O'Dell's jury demand be stricken for reasons explained in the Ford Memorandum. Vengroff makes the following additional arguments with respect to Count V.

**A.      The Court Should Dismiss Count V Asserting Civil Liability Against Vengroff for Purported Criminal Action**

Count V of the amended complaint is entitled "Civil Liability for Criminal Action Against Vengroff Williams" but should have been more aptly named "Plaintiff's Contradictions and Conclusions." The claim set forth in Count V incorporates by reference each allegation of every other claim in the amended complaint while incongruously asserting that the allegations of the civil liability claim "do not relate to the Plan." Am. Compl. ¶¶ 84, 86. From this and no more the pleader concludes that "this state-law claim is not preempted by ERISA." Id. ¶ 86. Plaintiff is incorrect and his civil liability must be dismissed for several reasons.

The new allegations added to the amended complaint in Count V are essentially statutory references and quotations, not facts. From these statutory references and quotations, Plaintiff

4

attempts to bootstrap into the penultimate allegation that "[b]y its conduct as described herein, Vengroff has committed criminal acts." Am. Compl. ¶ 95. There are, however, no allegations in Count V even remotely specifying what "conduct" constituted criminal activity. On this basis alone Count V ought to be dismissed because its allegations fail to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U. S. at 555.

While it is hard to fathom from Plaintiff's pleading the criminality that Vengroff supposedly committed, its statutory quotations provide enough clues from which to conclude that Plaintiff has also run afoul of Rule 9(b). Pleaded statutory references to deception, fraud and false or misleading representations are enough of a tip-off from which to conclude that Plaintiff hasn't followed the requirement of Rule 9(b) to "state with particularity the circumstances constituting fraud." Count V is deficient for this additional reason and should be dismissed. *See, e.g., United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017).

Finally, Count V should be dismissed on grounds of ERISA preemption. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). In *Davila*, participants in ERISA-regulated employee benefit plans brought separate state-law suits in state court arising out of injuries sustained as a consequence of their plans' denials of coverage. *Id.* at 204-05. Plaintiffs alleged that their plans' "refusal to cover the requested services violated their duty to exercise ordinary care when making health care treatment decisions, and that these

5

refusals 'proximately caused' their injuries." *Id.* at 205. The plans removed plaintiffs' suits to federal district courts, contending that their claims "fit within the scope of, and were therefore completely pre-empted by, ERISA § 502(a)." *Id.*

The *Davila* court formulated a two-prong test to determine whether an asserted state-law cause of action comes within the scope of § 502(a). The first prong of the test requires a determination of whether "an individual, at some point in time, could have brought [the] claim under ERISA…." The second prong of the test requires a determination of whether there is a legal duty independent of the ERISA plan that is implicated by a defendant's actions. *Id.* at 210. The Supreme Court found that plaintiffs could have brought suit under § 502(a) of ERISA, and that the duties imposed by state law "do not arise independently of ERISA or the plan terms." *Id.* at 212.

The allegations of Count V, viewed in their entirety, comfortably meet the two-prong test of *Davila*. Plaintiff admits that he is a Plan participant subject to ERISA and entitled to bring suit under Section 502(a)(3) of the statute, 29 U.S.C. § 1132(a)(3). Am. Compl. ¶¶ 13, 20. The state law duties allegedly owed by Vengroff, an alleged agent of the Plan that at material times acted on its behalf, are not independent of ERISA or the Plan terms. Simply put, no evaluation of Vengroff's potential state law liability can be made without an interpretation of Plan terms and an application of ERISA. This conclusion requires dismissal of Count V.

Plaintiff's claims in Count V are also expressly preempted under ERISA § 514(a), 29 U.S.C. § 1144(a) (preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). The Supreme Court has found that there are "two categories" of state-law claims that "relate to" an ERISA plan—claims that have a "reference to" an ERISA plan, and claims that have an "impermissible connection with" an ERISA plan. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 (2016) (internal quotation marks omitted). A claim has "an

6

impermissible connection with" an ERISA plan if it "governs…a central matter of plan administration" or "interferes with nationally uniform plan administration." *Id*. quoting *Egelhoff v. Egelhoff,* 532 U.S. 141, 148 (2001). Plaintiff's state law claims asserted in Count V will unavoidably if not intentionally interfere with the nationally uniform administration of the Plan's reimbursement provision. They are thus expressly preempted and must for this additional reason be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts I, IV and V of the amended complaint, strike Plaintiff's class allegations for lack of standing and strike Plaintiff's jury demand as none of his claims, if any survive dismissal, should entitle him to a jury trial.

Respectfully submitted,

By: \_\_\_\_\_/s/ David Belofsky_____
David A. Belofsky (Admitted *Pro Hac Vice*)
David A. Belofsky & Associates, Ltd.
150 North Michigan Avenue
Suite 1230
Chicago, Illinois 60601
Telephone: (312) 759-3737
Email: david@belofsky.com

Mark P. Seitzinger
Rohrbacher, Trimble & Zimmerman Co. L.P.A.
405 Madison Avenue
8th Floor
PNC Bank Building
Toledo, Ohio 43604-1243
Telephone: (419) 248-2600
Email: mseitzinger@rtz-law.com

*Counsel for Defendant Vengroff Williams, Inc.*

7

**CERTIFICATE OF SERVICE**

David A. Belofsky, an attorney duly authorized to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois, certifies that on September 30, 2025 he filed the Motion by Vengroff Williams, Inc. to Dismiss Counts I, IV and V of Plaintiff's Amended Complaint together with the foregoing Memorandum in Support with the Court's CM/ECF system for service upon any and all parties or their attorneys who have previously filed an appearance in this case.

/s/ David A. Belofsky
David A. Belofsky

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

This case has not been assigned to a track.  The page limit for this Memorandum was expanded by the Court to 16 pages.  *See* Dkt. 20.   This Memorandum does not exceed the limit.

/s/ David A. Belofsky
David A. Belofsky

8